IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DENNIS MYERS AND MICHAEL V. REDD, </br></br>　　　　Plaintiffs, </br></br>　　vs. </br></br>STATE FARM FIRE AND CASUALTY COMPANY, </br></br>　　　　Defendant. | C.A. No. 4:03-3323-25BH </br></br></br></br>**Written Opinion and Order** |

Introduction

Plaintiff Dennis Myers ("Myers") filed the instant legal action in state court on September 22, 2003, seeking a declaratory judgment that there was insurance coverage under a certain home owners insurance policy issued to him by State Farm Fire and Casualty Company ("State Farm") for personal injuries allegedly sustained by plaintiff Michael V. Redd ("Redd").[1] Thereafter, State Farm removed the instant action to Federal Court. This matter now comes before the undersigned upon the filing of defendant State Farm's motion for summary judgment (Doc. # 24). Myers opposes the defendant's motion for summary judgment. Redd has not filed any response opposing the defendant's motion for summary judgment.

According to defendant State Farm, summary judgment in its favor should be granted because: (i) the accident did not occur at an "insured location;" (ii) the accident arose out of a

---

[1] Myers also asserted a claim for bad faith in this action. However, Myers now asserts that he has abandoned this claim.

"business pursuit" of Myers and the policy excludes liability and medical payments coverage for claims arising out of the "business pursuits" of any insured; and (iii) Myers breached the conditions part of the policy by intentionally misrepresenting to State Farm the location of the accident.

On May 24, 2005, a hearing was held before the undersigned relating to the defendant's motion for summary judgment. At that time, all parties were given the opportunity to present their respective legal positions. Myers and State Farm appeared, through legal counsel, at the hearing. Redd did not appear at the hearing. The undersigned has carefully considered the briefs, pleadings, argument of counsel, and relevant case law. The defendant's motion for summary judgment is now ripe for disposition.

Facts

At all times relevant hereto, Myers was insured by a homeowners insurance policy issued by State Farm Fire & Casualty Company. On April 12, 2001, Redd was assisting Myers in his farming operations and was seriously injured. It is undisputed that the accident did not occur on property owned by Myers, but rather on property owned by Myers' uncle, Mr. General Thomas. Initially, Myers had indicated to State Farm that the accident had occurred at his place of residence, not on the Thomas property. The policy excluded liability coverage for accidents not occurring at an "insured location." As defined within the policy, an "insured location" meant:

   a. the residence premises;

   b. the part of any other premises, other structures and grounds used by you as a residence. This includes premises, structures and grounds you acquire while this policy is in effect for your use as a residence;

   c. any premises used by or in connection with the premises included in 5.a. or 5.b.;

    d. any part of a premises not owned by an insured but where an insured is temporarily residing;

    e. vacant land owned by or rented to an insured. This does not include farm land;

    f. land owned by or rented to an insured on which a one or two family dwelling is being constructed as a residence for an insured;

    g. individual or family cemetery plots or burial vaults of an insured;

    h. any part of a premises occasionally rented to an insured for other than business purposes; and

    i. 500 acres or less of farm land (without buildings) rented to others.

In reliance on the definition of "insured location" and based on Myers' misrepresentation regarding the accident location, State Farm denied Myers' claim for liability coverage resulting from the injuries sustained by Redd. Subsequently, Myers filed the instant declaratory judgment action to determine the issue of coverage under the policy. Thereafter, State Farm filed the motion for summary judgment presently pending before the Court.

### Standard for Summary Judgment

On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 91 L.Ed.2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing'...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324, 91

L.Ed.2d at 274. That burden is not discharged by "mere allegations or denials." Fed.R.Civ.P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 91 L.Ed.2d 202, 216 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 91 L.Ed.2d at 273. Before finding that no genuine issue for trial exists, the Court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 89 L.Ed.2d 538, 552 (1986).

Analysis

In opposition to State Farm's motion for summary judgment, Myers argues that the term "insured location" as defined in the policy is vague and ambiguous. Myers notes that the policy at issue provides that an insured location may be defined as "Five Hundred (500) acres or less of farm land without buildings which is rented **to others**" (emphasis added). Myers argues that the term "rented to others" includes land that he rented from another, in this case General Thomas, where the accident occurred.

The construction of a clear and unambiguous contract is a question of law for the court. United Dominion Realty Trust, Inc. v. Wal-Mart Stores, Inc., 307 S.C. 102, 105, 413 S.E.2d 866, 868 (Ct. App.1992). Similarly, a contract is only ambiguous when the terms of the contract are inconsistent on their face, or are reasonably susceptible of more than one interpretation. 17A Am. Jur.2d Contracts § 338, at 345 (1991). Likewise, a contract is only ambiguous when it is capable of

4

more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business. Id.

As stated, Myers alleges that a genuine issue of material fact exists because the policy term "rented to others" included those lands rented to him by General Thomas. The Court is not persuaded in this regard. To the contrary, the undersigned concludes that the plain and unambiguous language of the insurance policy term "rented to others" is capable of only one reasonable interpretation; that is, "rented to others" means rented to others <u>by</u> the insured and not rented to others including the insured. This Court defines the policy terms giving them their plain, ordinary and popular meaning. <u>South Carolina Ins. Co. v. White</u>, 301 S.C. 133, 137, 390 S.E.2d 471, 474 (Ct. App. 1990) (holding that if there is no ambiguity, the insurance policy's terms must be interpreted and enforced according to their plain, ordinary, and popular meaning). Thus, it is appropriate to conclude that the term "rented to others" means renting property "to others" which Myers owned. No reasonable trier of fact could conclude otherwise. No genuine issue of material fact exists in this regard. To interpret the policy language otherwise, would result in the untenable result that Myers would be insured under the instant policy for "occurrences" on any and all other farming land rented by him, no matter where rented, provided that the land was less than five-hundred (500) acres. Neither the policy nor the facts in the record suggest the parties intended such broad policy coverage. A court should not torture the meaning of policy language in order to extend or defeat coverage that was never intended by the parties. <u>Auto Owners Ins. Co. v. Langford</u>, 330 S.C. 578, 584, 500 S.E.2d 496, 499 (Ct. App. 1998).

Furthermore, the Court is not persuaded that a genuine issue of material fact exists concerning whether the accident occurred upon "any part of a premises occasionally rented to an insured for other than **business** purposes" (emphasis added). Although Myers argues that a question of fact exists as to whether farming is a "business" because of the "current climate in the farming community," the undersigned concludes that no genuine issue of material fact exists in this regard. The facts in the record indicate that Myers was engaged in farming as a business.

As the undisputed record reflects, Myers was engaged in business pursuits at the time of Redd's injury. Specifically, Myers testified during his deposition as follows:

> Q. Would you agree at the time of the accident with Mr. Redd you were engaged in a business pursuit, namely the business of farming?
>
> A. Per se, yeah, I would. Yes.
>
> Q. Yes?
>
> A. Yes.
>
> (Myers Dep. p. 47).

Thus, no reasonable trier of fact could conclude that Myers was not engaged in a "business purpose" at the time of the accident.

In sum, the plaintiffs have failed to direct the Court to any material term within the "insured location" requirement of the insurance policy which is not either clearly defined in the policy or upon which reasonable minds could differ as to the meaning. The accident at issue did not occur at an "insured location" as those terms are set forth and defined in the insurance policy at issue. No genuine issue of material fact exists on this question. Therefore, summary judgment in favor of State Farm is appropriate.

Because the Court concludes that the accident at issue did not occur at an "insured location" as defined in the liability policy at issue and because summary judgment in favor of defendant State Farm is proper on this basis, the undersigned finds it unnecessary to address the remaining arguments for summary judgment asserted by State Farm.[2]

## Conclusion

For the reasons set forth herein, it is **ORDERED** that defendant State Farm Fire & Casualty Company's motion for summary judgment is **GRANTED** (Doc. # 24).

**IT IS SO ORDERED.**

       s/ Terry L. Wooten
       Terry L. Wooten
       United States District Court Judge

June 10, 2005
Florence, South Carolina

---

[2] The Court did review a number of cases related to the question of how the concealment or misrepresentation of a material fact impacts the voiding of an insurance policy. The insured in this case did make misrepresentations about the location of the accident which were discovered by the insurer.

7